UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LeANNE FEEHAN and JOHN FEEHAN,          Case No. 15-CV-3853 (PJS/JSM)

      Plaintiffs,

v.                                                                          ORDER

WAL-MART STORES, INC.,
doing business as Walmart,

      Defendant.

Katherine A. Brown Holmen, DUDLEY AND SMITH, P.A., for plaintiffs.

Angela Beranek Brandt and Stephanie L. Chandler, LARSON KING, LLP, for defendant.

Plaintiff LeAnne Feehan was standing in a checkout line at a Wal-Mart store when another customer ran into her with a motorized scooter that had been provided to the customer by defendant Wal-Mart Stores, Inc. ("Wal-Mart").  Feehan and her husband sued Wal-Mart for negligence in a Minnesota state court.  Wal-Mart removed the case to federal court on the basis of diversity jurisdiction.

This matter is before the Court on the Feehans' motion to remand the case to state court and on Wal-Mart's motion to dismiss the case under Fed. R. Civ. P. 12(b)(6).  The Court conducted a hearing on the motions on January 4, 2016.  For the reasons given at the hearing and briefly summarized below, the Court denies the Feehans' motion to remand and grants Wal-Mart's motion to dismiss.

## I.  MOTION TO REMAND

As stated on the record at the hearing, the Court finds that diversity jurisdiction exists over this action and that the case need not be remanded to state court.  The parties do not dispute diversity of citizenship, and two items of evidence establish that the amount in controversy exceeds the $75,000 jurisdictional threshold:

(1)     the allegations in the complaint about the grave nature of LeAnne's injuries, including allegations that LeAnne was "severely and permanently injured," "has suffered severe physical and emotional pain and disability," has incurred and will in the future incur "medical expenses related to the care and treatment of her injuries," and has lost wages because she "has been unable to perform her job duties as a surgical nurse" and "will likely be unable to work in that profession in the future," ECF No. 1-1 (Compl.) ¶¶ 12-17; and

(2)     the nine-page, single-space settlement demand sent by the Feehans' attorney to Wal-Mart's insurer that specifically describes the Feehans' damages as including medical expenses totaling $201,331.98, past lost wages of $96,897.60, and future lost wages of $547,292.00 (and that demands $500,000 to settle their claim), ECF No. 18-1.

The Court therefore finds by a preponderance of the evidence that the amount in controversy exceeds $75,000 and denies the Feehans' motion to remand.

## II.  MOTION TO DISMISS

Wal-Mart's primary argument in support of its motion to dismiss is that it owed no duty under Minnesota law to protect LeAnne from a third party (that is, the customer on the scooter).  The Court agrees with Wal-Mart that, as a general matter, Minnesota law does not impose a duty on merchants (or anyone else) to protect persons from being injured by the acts of third parties, absent a special relationship. *See generally Delgado v. Lohmar*, 289 N.W.2d 479, 483-84 (Minn. 1979).  But the Court does not read the Feehans' complaint to claim that Wal-Mart is liable because it failed to *protect* her from the negligent acts of the customer on the scooter.  Rather, the complaint alleges that Wal-Mart itself acted negligently—and that Wal-Mart's own negligence caused Feehan's injuries—because Wal-Mart "[1] allow[ed] customers to drive motorized scooters around its stores without checking to see if drivers are capable, [2] fail[ed] to provide proper instructions or training to drivers, and [3] fail[ed] to warn its customers about the dangers caused by others driving motorized scooters in the store . . . ."  Compl. ¶ 11.

Still, to survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  Although the factual allegations in the complaint need not be detailed, they

must be sufficient to "raise a right to relief above the speculative level . . . ."  *Id.* at 555.

In assessing the sufficiency of the complaint, the Court may disregard legal conclusions

that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

The Court must, however, accept as true all of the factual allegations in the complaint

and draw all reasonable inferences in the plaintiff's favor.  *See id.* at 678.

A negligence claim under Minnesota law requires a duty, a breach, an injury, and

causation.  *See, e.g., Doe 169 v. Brandon*, 845 N.W.2d 174, 177 (Minn. 2014).  The Feehans'

complaint fails to state a negligence claim because it fails to plausibly allege either a

breach of duty or causation:

First, the Feehans allege that Wal-Mart does not properly "check[]" or screen

customers before loaning them scooters, Compl. ¶ 11, but does not allege what

screening Wal-Mart should have implemented or how such screening would have

prevented the accident.  The closest the Feehans get is their assertion that the driver was

"an elderly woman" who "appeared to be in an unsound mental state."  Compl. ¶ 6.

But the Feehans do not allege that the unspecified "unsound mental state" would have

been detected by whatever screening Wal-Mart was obligated to provide or that this

"unsound mental state" *caused* the customer to drive into LeAnne.  Indeed, the Feehans

conceded at oral argument that they have no idea why the other customer drove into LeAnne.

Second, the Feehans allege that Wal-Mart does not "provide proper instruction or training to drivers." Compl. ¶ 11. But the Feehans do not allege what training Wal-Mart should have provided to the customer who hit LeAnne or how such training would have prevented the accident. Given that the Feehans have no idea why the customer hit LeAnne, the Feehans have no idea whether providing some unspecified type of "training" would have prevented the accident.

Finally, the Feehans allege that Wal-Mart does not warn its customers of the dangers posed by other customers driving motorized scooters. Compl. ¶ 11. But the Feehans do not allege what warnings should have been given to LeAnne or how such warnings would have made LeAnne act differently so as to prevent her from being struck by the scooter. (She was, after all, struck while standing in line waiting to check out.)

In short, although the Feehans' complaint alleges that Wal-Mart should have provided screening, training, and warnings, the complaint contains no specifics whatsoever—either about the nature of the screening, training, or warnings, or about how the absence of the screening, training, or warnings caused the accident. Indeed, the complaint appears to reason backward, starting with LeAnne being struck by the

scooter and assuming—without plausibly alleging—that some unspecified act or

omission of Wal-Mart must have been negligent and must have caused the accident.

The Feehans' complaint thus fails to allege a plausible claim and must be dismissed

under Rule 12(b)(6).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    The Feehans' motion to remand to state court [ECF No. 9] is DENIED.

2.    Wal-Mart's motion to dismiss [ECF No. 4] is GRANTED.

3.    The complaint [ECF No. 1-1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date:  January 12, 2016                    s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge